UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HENRY DIXON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Case No. 10-297 (RJL) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
(November 2ᴼ, 2010) [#5]

Plaintiffs Henry Dixon ("Dixon") and Cuong Thanh Phung ("Phung")

(collectively, "plaintiffs") filed this purported class-action complaint against the District

of Columbia ("the District") alleging denial of equal protection of the law in violation of

the Due Process Clause of the Fifth Amendment of the United States Constitution.

Specifically, plaintiffs claim that motorists who are accused of driving at speeds in excess

of 30 miles per hour over the speed limit receive disparate treatment when they are

stopped by an officer as compared to when they are cited by the District's Automated

Traffic Enforcement System ("ATE"). Now before the Court is the District's Motion to

Dismiss. Upon consideration of the pleadings, relevant case law, and entire record, the

District's Motion to Dismiss is GRANTED.

## BACKGROUND

General Order 303.1 of the District's Metropolitan Police Department ("MPD")

provides that motorists stopped by police officers and charged with speeding more than

30 mph over the speed limit are subject to automatic arrest, as well as possible criminal prosecution, a fine of $300, and imprisonment of not more than 90 days. Compl. ¶¶12-13. By contrast, however, when a vehicle is photographed traveling at such speeds by the District's Automated Traffic Enforcement System ("ATE"), the District merely mails a summons and notice of infraction to the registered owner of the vehicle. Compl. ¶11. The registered owner, in turn, may then request a hearing. *Id.* The maximum penalty for the alleged infraction in that situation is a civil penalty. *Id.* The District's ATE system was introduced in 1999 pursuant to D.C. Code § 50-2209.01. Compl. ¶10.

On February 15, 2008, at approximately 11:00 p.m., Dixon was stopped and arrested by an MPD officer for speeding more than 30 mph over the posted speed limit. Compl. ¶14. On November 27, 2009, at approximately 11:30 p.m., Phung was stopped and arrested by an MPD officer for speeding more than 30 mph over the posted speed limit and arrested. Compl. ¶15. Both were held at the Second District Headquarters in the District for several hours, and faced criminal penalties, including a possible fine of $300 and incarceration for up to 90 days. Compl. ¶¶14-15. Their offense, of course, was in no way unique: over the past three years, thousands of motorists in the District have been stopped for speeding more than 30 mph over the speed limit, arrested, and subject to criminal penalties. Compl. ¶16.

Plaintiffs filed this purported class action complaint on February 24, 2010, challenging, in essence, the District's practice of arresting motorists caught driving at speeds in excess of 30 mph over the speed limit by an MPD officer, while merely issuing a civil fine to those caught driving at such speeds by the ATE system.

2

## DISCUSSION

A court may dismiss all or part of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss made pursuant to Rule 12(b)(6), a complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In evaluating a Rule 12(b)(6) motion, the Court must construe the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (internal quotation marks omitted). But, the Court "need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Although the factual allegations need not be detailed, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alterations omitted). Factual allegations, even though assumed to be true, must still "be enough to raise a right to relief above the speculative level." *Id.*

The Equal Protection Clause of the Fourteenth Amendment requires that no state shall "deny to any person within its jurisdiction the equal protection of the laws."[1] U.S.

---

[1] The Fourteenth Amendment's equal protection clause has been found to apply to the District of Columbia through the Fifth Amendment's due process clause. *See Bolling v.*

3

Const. amend. 14. The clause is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr*, 473 U.S. 432, 439 (1985). "The Constitution, however, does not require things which are different in fact or opinion to be treated in law as though they were the same." *Women Prisoners of District of Columbia Dept. of Corrections v. District of Columbia*, 93 F.3d 910, 924 (D.C. Cir. 1996) (quotation omitted). Accordingly, "[t]he threshold inquiry in evaluating an equal protection claim is, therefore, to determine whether a person is similarly situated to those persons who allegedly received favorable treatment." *Id.* (quotation omitted).

The District argues that the complaint must be dismissed because it does not state an equal protection claim. Specifically, the District contends that the two groups of speeding motorists—i.e., those caught by an officer and those caught by the ATE system—are not similarly situated because the former may be arrested without a warrant while the latter may not. The distinction between arrest and non-arrest, the District contends, turns simply on whether the motorist can, in fact, be arrested, as a warrantless arrest is only permitted where an MPD officer is a *witness* to an offense. Accordingly, those driving automobiles photographed for speeding by the District's automated system cannot be arrested, and thus the two groups of motorists are not similarly situated. I agree.

The plaintiffs' complaint, of course, overlooks this fundamental difference. Like other drivers who are seen by an MPD officer driving at speeds more than 30 mph over

---

*Sharpe*, 347 U.S. 497, 499 (1954); *see also Brandon v. District of Columbia Board of Parole*, 734 F.2d 56, 60 (D.C. Cir. 1984).

the speed limit, plaintiffs can be arrested within the bounds of the Fourth Amendment, as

the arresting officer has probable cause to believe that the driver committed a crime. *See,*

*e.g., Virginia v. Moore*, 553 U.S. 164, 171 (2008). By contrast, when a vehicle is

photographed for traveling 30 mph over the speed limit, there is no probable cause to

believe that the *owner* of that vehicle was driving and therefore committed a crime,

because there is no additional evidence that the *owner* was in fact the *driver*. Presumably

for this reason, the statutory scheme authorizing the ATE system expressly provides for

that possibility by outlining steps a registered owner can take to show "that the vehicle

was, at the time of the infraction, in the custody, care, or control of another person." D.C.

Code § 50-2209.02. By contrast, when a driver, such as either plaintiff, is pulled over by

an MPD officer after the officer witnesses the alleged infraction, there is probable cause

for the officer to believe that (1) the person pulled over was, in fact the driver, and (2) the

crime of speeding has occurred. The officer may therefore arrest that driver without a

warrant. Accordingly, because the plaintiffs are not similarly situated to those allegedly

receiving more favorable treatment, as required to make out an equal protection claim,

the complaint must be dismissed.

# CONCLUSION

For all the foregoing reasons, it is hereby

**ORDERED** that the District of Columbia's Motion to Dismiss is **GRANTED**;

and it is further

**ORDERED** that the above-captioned case be dismissed with prejudice.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge